UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE APPLICATION FOR MATERIAL WITNESS SUMMONS IN RE MOTOR TANKER ZAO GALAXY

Case No. 19-xr-90626-KAW-1

**ORDER DENYING MOTION FOR DISCOVERY COMPLIANCE**

Re: Dkt. No. 15

Petitioner Sonny Maralit Macasaet is a material witness in an ongoing federal investigation into potential violations of the Act to Prevent Pollution from Ships and the International Convention for the Prevention of the Pollution from Ships. (*See* Order at 1-2, Dkt. No. 13.) On September 5, 2019, the Court granted Petitioner's petition for release, and ordered that Petitioner be deposed and released pursuant to 18 U.S.C. § 3144 and Federal Rule of Criminal Procedure 15. (*Id.* at 9.)

On September 17, 2019, non-party Gilbert Dela Cruz – a target of the investigation – filed the instant motion for discovery compliance, requesting that the court order the Government to produce "all Jencks Act (18 USCA 3500 material), all Rule 26.2 statements, all Criminal Local Rule 16-1 materials, plus all discovery afforded by *Brady v. Maryland* 373 U.S. 83 (1963), *Giglio v. United States* 405 U.S. 150 (1972), and *United States v. Agurs* 427 U.S. 97 (1976)." (Mot. at 2, Dkt. No. 15.) On September 19, 2019, non-parties Unix Line PTE Ltd. and FGL Moon Marshall Ltd. – other targets of the investigation – joined in the motion for discovery compliance. (Dkt. No. 18.) On September 20, 2019, the Government filed its opposition. (Dkt. No. 19.)

The Court DENIES the motion. First, as the Government points out, the moving parties have not demonstrated that they have standing in this case, as they are not parties to the case.

(Dkt. No. 19 at 1.)

Second, as the Government again observes, to the extent the moving parties seek discovery due per Federal Rule of Criminal Procedure 16, this rule applies to defendants. (*See id.*) The moving parties, however, have not been charged in a criminal action, nor have they provided authority that shows they are entitled to such discovery prior to being charged.

Finally, the Government contends that the motion is moot because they have provided certain discovery already, including all of Petitioner's prior statements in the Government's possession. Per Federal Rule of Criminal Procedure 15(e)(3), "[t]he government must provide to the defendant or the defendant's attorney, for use at the deposition, any statement of the deponent in the government's possession to which the defendant would be entitled at trial." Thus, it does not appear any additional discovery is required.[1]

Accordingly, the Court DENIES the motion for discovery compliance.

IT IS SO ORDERED.

Dated: September 24, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Moving parties appear to argue that discovery is due per Federal Rule of Criminal Procedure 15(e)(2), which states: "The scope and manner of the deposition examination and cross-examination must be the same as would be allowed during trial." Moving parties, however, cite no legal authority that this Rule requires the production of discovery requested in the instant motion, particularly when moving parties have not been charged in a criminal action.